**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BENJAMIN MORRIS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:12-cv-40_____** |
| | § | |
| **TD AMERITRADE INC.,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Benjamin Morris, Plaintiff, and files this original complaint against TD Ameritrade, Inc., Defendant, and would respectfully show the Court as follows:

### I.  PARTIES

    1.    Plaintiff is an individual residing in Tarrant County, Texas.

    2.    Defendant TD Ameritrade, Inc. is a corporation doing business in Texas and may be served by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. JURISDICTION

    3.    Jurisdiction is founded on federal question, specifically 42 U.S.C. §12111, *et seq.* ("The Americans with Disabilities Act of 1990", "the ADA"), as amended and 42 U.S.C. §12117. 12201-12204 and 12210 as such sections relate to employment.

    4.    Jurisdiction is also founded on federal question, specifically, 29 U.S.C.A. 2601, *et seq.* (The Family Medical and Leave Act) (hereinafter "FMLA"), as amended.

    5.    All prerequisites to filing suit have been met.

## III. FACTS

6.     Plaintiff began working for Defendant, TD Ameritrade, Inc., at its Fort Worth, Texas facility on April 26, 2006.  On or about September 2, 2010, he was terminated.  At the time of his termination, he was a Representative, PCS – After Hours.

7.     In June 2004, Plaintiff was diagnosed with bipolar disorder by his physician, James M. Harvey, M.D.   Dr. Harvey describes these episodes as periodic, disturbing Plaintiff's normal sleep-wake cycle and causing circadian rhythm disturbance.  These intermittent episodes are brief and unpredictable and do respond to medication. The disturbance causes a brief period of day-night reversal and affects Plaintiff's concentration regarding detail related work and his scheduled start time.

8.     In April or May of 2010, Plaintiff disclosed his illness to Brian Hiser.  Hiser advised that he would tell Plaintiff if his attendance was a problem before taking any adverse action against him so that Plaintiff could obtain FMLA protection.   In spite of this commitment, Hiser wrote Plaintiff up for absences caused by his illness without notice.  On August 18, 2010, Plaintiff requested Intermittent Family and Medical Leave retroactive to July 27, 2010. On August 19, 2010 and August 23, 2010, his request was acknowledged by Defendant.

9.     On August 31, 2010, Plaintiff's physician, Dr. Harvey, completed the required Certificate of Health Care Provider supporting Plaintiff's request.

10.     On September 2, 2010, Plaintiff's manager, Brian Hiser, called him into a meeting with Matt Daily, his senior manager, a human resources representative, and two security guards. Plaintiff was told he was being terminated for surfing the internet instead of doing scheduled training–training which Plaintiff had already completed on the night in question.  He was escorted

out of the offices by the security guards.

11.     During Plaintiff's employment with Defendant, it was routine for employees to be allowed to surf the internet during downtime in their employment and other employees were rarely, if ever, disciplined for doing so.  On information and belief, some employees were actually caught watching movies and were not subjected to any disciplinary action known to Plaintiff.   Upon information and belief, on one occasion, another employee, Alicia Vosburg, slept at her desk for over 40 minutes.  Brian Hiser woke her up but she was not terminated.  Other employees were also frequently caught sleeping at their desks and were not subjected to any disciplinary action.

12.     At the time of his termination, Plaintiff was earning $25.00 per hour plus benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES
### COUNT I
### Violations of The Americans with Disabilities Act of 1990 ("ADA"), as amended

13.     A.     Plaintiff is alleging that he was discharged in violation of The Americans with Disabilities Act of 1990, as amended, protecting Plaintiff from discrimination in the workplace on the basis of his disability or perceived disability.

14.     B.     Plaintiff claims all relief, legal and equitable, that effectuate his rights under The Americans with Disabilities Act, as amended.

15.     C.     Plaintiff requests reasonable attorney's fees as permitted under The Americans with Disabilities Act, as amended.

16.     D.     On or about April 13, 2011, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On November 16, 2011, he received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated November 15, 2011.

## COUNT II
## Violations of The Family Medical Leave Act, 29 U.S.C.A. 2601 *et seq.*

17.     A.     Plaintiff would show Defendant's conduct constitutes a violation of 29 U.S.C.A. 2601, *et seq.* (The Family and Medical Leave Act), as amended, protecting Plaintiff from retaliation in violation of same.

18.     B.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C.A. § 2601, *et seq.*, (The Family Medical and Leave Act), as amended.

19.     C.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C.A. § 2601, *et seq.*, (The Family Medical and Leave Act), as amended.

### V. DAMAGES

20.     Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to The Americans with Disabilities Act of 1990, as amended.

### VI. ATTORNEY'S FEES

21.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

### VII. JURY DEMAND

22.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and

postjudgment interest; and any and all further relief, at law or in equity, general or special, to which

Plaintiff may show himself justly entitled.

Respectfully submitted,

RICHARDSON LAW FIRM
118 S. Crockett, Sherman, TX   75090-5906
(903)  893-7541; Fax (903) 893-9585
Email: ed@richardsonfirm.net


/s/ Robert E. L. (Ed) Richardson
ROBERT E. L. (ED) RICHARDSON
State Bar No:  24007913
ROBERT E. RICHARDSON, JR.
State Bar No: 16873000

RONALD R. HUFF
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
Email: ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**