IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BENJAMIN MORRIS,<br><br>                Plaintiff,<br><br>v.<br><br>TD AMERITRADE, INC.,<br><br>                Defendant. | Case No. 4:12-cv-00040-Y<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendant TD Ameritrade, Inc. ("TD Ameritrade"), by and through its undersigned counsel, and for its Amended Answer and Affirmative Defenses to Plaintiff Benjamin Morris's ("Morris") Complaint, states and alleges as follows:

1. TD Ameritrade does not contest, but cannot admit for lack of sufficient knowledge or information, the allegations contained in paragraph 1 of the Complaint.

2. TD Ameritrade admits the allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, TD Ameritrade admits Morris purports to bring this action under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12111, *et seq.*, as amended, and 42 U.S.C. §§ 12117, 12201-04 and 12210. TD Ameritrade denies it violated any of the provisions of the ADA and further denies it engaged in any discriminatory employment practices. TD Ameritrade denies any allegations contained in paragraph 3 of the Complaint not specifically admitted herein.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, TD Ameritrade admits Morris purports to bring this action under the Family and Medical Leave Act, (the "FMLA"), 29 U.S.C. § 2601, *et seq.* TD Ameritrade denies it violated any of the provisions of the FMLA and further denies it

engaged in any discriminatory employment practices. TD Ameritrade denies any allegations contained in paragraph 4 of the Complaint not specifically admitted herein.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations contained in paragraph 5 of the Complaint.

6. TD Ameritrade admits it hired Morris on April 10, 2006 and terminated him on September 2, 2010. TD Ameritrade further admits that at the time of his termination, Morris's position was Representative, PCS After Hours. TD Ameritrade denies any allegations contained in paragraph 6 of the Complaint not specifically admitted herein.

7. TD Ameritrade is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. TD Ameritrade denies the allegations contained in paragraph 8 of the Complaint.

9. TD Ameritrade admits the allegations contained in paragraph 9 of the Complaint.

10. TD Ameritrade denies the allegations contained in paragraph 10 of the Complaint.

11. TD Ameritrade denies the allegations contained in paragraph 11 of the Complaint.

12. TD Ameritrade admits the allegations contained in paragraph 12 of the Complaint.

13. TD Ameritrade admits Morris purports to allege he was discharged in violation of the ADA. TD Ameritrade denies it violated any of the provisions of the ADA and further denies it engaged in any discriminatory employment practices. TD Ameritrade denies any allegations contained in paragraph 13 of the Complaint not specifically admitted herein.

14. TD Ameritrade admits Morris purports to claim all relief, legal and equitable, that effectuate his rights under the ADA. TD Ameritrade denies it violated the ADA and further

denies any liability. TD Ameritrade denies any allegations contained in paragraph 14 of the Complaint not specifically admitted herein.

15. TD Ameritrade admits Morris purports to request reasonable attorneys' fees under the ADA. TD Ameritrade denies it violated the ADA and further denies Morris is entitled to attorneys' fees. TD Ameritrade denies any allegations contained in paragraph 15 of the Complaint not specifically admitted herein.

16. TD Ameritrade is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. TD Ameritrade admits Morris purports to allege TD Ameritrade's conduct constitutes a violation of the FMLA. TD Ameritrade denies it violated any of the provisions of the FMLA and further denies it engaged in any discriminatory employment practices. TD Ameritrade denies any allegations contained in paragraph 17 of the Complaint not specifically admitted herein.

18. TD Ameritrade admits Morris purports to claim all relief, legal and equitable, that effectuate his rights under the FMLA. TD Ameritrade denies it violated the FMLA and further denies any liability. TD Ameritrade denies any allegations contained in paragraph 18 of the Complaint not specifically admitted herein.

19. TD Ameritrade admits Morris purports to request reasonable attorneys' fees under the FMLA. TD Ameritrade denies it violated the FMLA and further denies Morris is entitled to attorneys' fees. TD Ameritrade denies any allegations contained in paragraph 19 of the Complaint not specifically admitted herein.

20. TD Ameritrade denies the allegations contained in paragraph 20 of the Complaint.

21. TD Ameritrade denies the allegations contained in paragraph 21 of the Complaint.

22.     TD Ameritrade denies each and every averment of the WHEREFORE clause and denies any additional or unnumbered averments in the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, TD Ameritrade states and alleges as follows:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Morris's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

3.      To the extent Morris attempts to complain about conduct not contained in his Charge of Discrimination, Morris's claims are barred, in whole or in part, by failure to exhaust administrative remedies.

4.      To the extent Morris attempts to complain about conduct not contained in his Charge of Discrimination, Morris's claims are barred, in whole or in part, by the applicable statutes of limitations.

5.      To the extent Morris attempts to complain about conduct not contained in his Charge of Discrimination, this Court is without jurisdiction.

6.      All actions taken by TD Ameritrade affecting Morris's employment were taken for legitimate, nondiscriminatory reasons.

7.      Morris's requests for accommodation, to the extent any were made, were unreasonable and, if granted, would have placed an undue burden on TD Ameritrade.

8.      Morris failed to mitigate his alleged damages, if any.

9.      Even if Morris could prove a discriminatory motive was a factor in the adverse employment actions, which he cannot, TD Ameritrade would have taken the same action due to legitimate, nondiscriminatory reasons.

10. Assuming Morris has stated a claim for compensatory and emotional distress damages, some or all of Morris's alleged damages, expressly including his claim for compensatory and emotional distress damages, to the extent that they exist, were caused, in part or in whole, by sources other than any alleged illegal actions by TD Ameritrade. Accordingly, any such damages should either be denied completely or apportioned according to the evidence.

11. To the extent Morris asserts a claim for punitive damages, TD Ameritrade is not liable for punitive damages because it employed good-faith antidiscrimination policies and procedures and the alleged acts or omissions of TD Ameritrade fail to rise to the level required to sustain an award of punitive damages.

12. TD Ameritrade exercised reasonable care to prevent and promptly correct any alleged disability discrimination.

13. Morris unreasonably failed to utilize preventive and corrective opportunities provided by TD Ameritrade or to otherwise avoid harm.

14. Morris's claims are barred, in whole or in part, to the extent TD Ameritrade has discovered, or will discover, any evidence that would have resulted in his termination, regardless of any alleged discrimination.

15. Morris's claims are barred in whole or in part by the doctrine of after-acquired evidence.

16. TD Ameritrade designates all denials set forth above if necessary for its full defense of this matter, and it reserves the right to assert additional affirmative defense as discovery proceeds.

WHEREFORE, having fully answered, TD Ameritrade prays that (i) judgment be entered on its behalf; (ii) the Complaint be dismissed with prejudice and Morris take nothing; (iii) the

Court order an award of TD Ameritrade's attorneys' fees expended in defending this matter; (iv) the Court enter an award of TD Ameritrade's costs expended in defending this matter; and (v) the Court award TD Ameritrade such other further relief as the Court deems just and proper under the circumstances.

Dated this 29th day of August, 2012.

                                TD AMERITRADE, INC., Defendant

                                By: s/ Kathryn E. Jones
                                   Steve Snelson, TX Bar No. 18794450
                                   Gerstle Minissale Snelson
                                   One Meadows Building
                                   5005 Greenville Avenue
                                   Dallas, TX 75206-4005
                                   Telephone: (214) 368-6440
                                   Facsimile: (214) 363-9979
                                   steve.snelson@gmsattorneys.com

                                   Marcia A. Washkuhn, admitted *Pro Hac Vice*
                                   Kathryn E. Jones, admitted *Pro Hac Vice*
                                   KUTAK ROCK LLP
                                   1650 Farnam Street
                                   Omaha, NE  68102-2186
                                   Telephone: (402) 346-6000
                                   Facsimile: (402) 346-1148
                                   marcia.washkuhn@kutakrock.com
                                   kate.jones@kutakrock.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 29, 2012, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends e-mail notification of such filing to the following attorneys representing parties to this action:

    Robert Edward Lee Richardson      Ronald R Huff
    ed@richardsonfirm.net      ronhuff@gcecisp.com

    I further certify that on the same day I caused service of the foregoing document to be made by mailing by ordinary first-class mail, postage prepaid, to the last known address of the following attorneys representing parties to this action who are not registered with the CM/ECF system:

    Robert E. Richardson, Jr.
    Richardson Law Firm
    118 S Crockett
    Sherman, TX 75090

                                                    s/ Kathryn E. Jones